UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS SHADEROCK,<br><br>      Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>Administration,<br><br>      Defendant. | Civil Action No. 12-1912 (JEB) |

## MEMORANDUM OPINION

Plaintiff Louis Shaderock obtained a fully favorable decision for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. He now seeks attorney fees totaling $25,009.62 pursuant to Section 406(b) of the Social Security Act. This amount, which represents 25% of his past-due benefits and is the maximum percentage allowable under the statute, is not opposed by the Government. Concluding that Plaintiff's contingent-fee agreement with his attorney is reasonable, the Court will grant his Motion and award Shaderock $21,016.59, which equals the full sum requested minus a prior Equal Access to Justice Act (EAJA) award.

**I.    Background**

In April 2004, Plaintiff filed for DIB and SSI benefits, but his initial application and reconsideration were both denied. See ECF No. 23-2 (Motion) at 1. An Administrative Law Judge denied his claim on appeal in 2009, and the Appeals Council affirmed that decision in 2011. Id. Shaderock then filed this action in 2012 and retained counsel in 2013 under a contingency-fee agreement that entitled counsel to 25% of any recovered benefits. See Mot. at 1; ECF Nos. 1 (Complaint), 23-7 (Fee Agreement). After a review on the merits, this Court

1

remanded the matter for further administrative proceedings, see ECF No. 17, and subsequently awarded Plaintiff $5,721.03 in attorney fees under EAJA, 28 U.S.C. § 2412. See ECF No. 19 (Order). Counsel, however, only received $3,993.03 of this amount due to a deduction taken from that award for a debt owed by Plaintiff. See ECF No. 23-5 (Offset Notice). On January 7, 2016, Shaderock received a Fully Favorable Decision for his past-due and continued benefits. See ECF No. 23-3 (Fully Favorable Decision). The Government issued a Notice of Award for his DIB claim on February 16, 2016, and for his SSI claim on May 2, 2016. See ECF Nos. 23-4 (DIB Notice of Award), 23-6 (SSI Notice of Award). Plaintiff now files a Motion for Attorney Fees under 42 U.S.C. § 406(b) to request $25,009.62 – 25% of his past-due benefits.

Plaintiff's counsel expended 35.9 hours on this suit in federal court. See ECF No. 23-1 (Declaration of Kenneth R. Hiller), ¶ 19. Counsel has been an attorney for 32 years, and his normal billing rate is $295 per hour. Id., ¶¶ 3, 23. He has worked on Social Security cases since 1988, handling hundreds of cases at the district-court level and thousands of cases at the administrative level. Id., ¶¶ 5, 7. Defendant does not take a position on whether the request is reasonable, but points out that it amounts to an hourly rate of $696.65. See ECF No. 26 (Response) at 4, 5. Defendant notes, furthermore, that the EAJA award is included in the 25% cap of attorney fees pursuant to § 406(b) and should be refunded to the extent necessary. Id. at 4.

## II.   Legal Standard

Under § 406(b) of the Social Security Act, the Court may award an attorney who successfully represents a claimant in court "a reasonable fee for such representation, not in excess of 25 percent of . . . past-due benefits." 42 U.S.C. § 406(b)(1)(A). Section 406(b) is designed to "control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). Specifically, § 406(b)

requires a court to review "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807 (emphasis added). Where the contingent-fee arrangement falls within the statutory maximum, the court determines its reasonableness based on the particulars of the case. Buljina v. Astrue, 828 F. Supp. 2d 109, 114 (D.D.C. 2011). The court may reduce the award if the arrangement is not reasonable – *e.g.*, if the representation is substandard, the attorney delays the case for the benefits to accrue, or the compensation is too large relative to the time spent on the case. Gisbrecht, 535 U.S. at 808 (citations omitted). Courts will also consider the attorney's risk of loss, her expertise in Social Security cases, and the difficulty of the case. Jeter v. Astrue, 622 F.3d 371, 376 (5th Cir. 2010); Greenberg v. Colvin, No. 13-1837, 2015 WL 4078042, at *7 (D.D.C. July 1, 2015); Buljina, 828 F. Supp. 2d at 113-14.

### III. Analysis

Plaintiff's contingent-fee arrangement of 25% is the same as the statutory limit prescribed by § 406(b). As the Court must next look to the reasonableness of the arrangement, it considers the following factors in turn: (1) quality of representation; (2) whether the attorney delayed the case to allow the benefits to accrue over a longer period; (3) whether there was a risk of loss; (4) the difficulty of the case; and (5) the size of the compensation relative to the time spent on the case.

#### A. Quality of Representation

The quality of the representation in this case was at least adequate. Prior to retaining an attorney, Plaintiff had been unsuccessful in his attempts to obtain DIB or SSI benefits. See Mot. at 1. Once counsel became involved, he was able to secure a substantial award. See Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009) (describing counsel's performance as "excellent"

3

for securing favorable result). The value of Plaintiff's award secured by counsel, moreover, is larger than the past-due benefits calculation of $100,038.50 under § 406(b) because Plaintiff will continue to receive benefits for his DIB claim until he dies, reaches retirement age, or is no longer disabled. See Mot. at 8; Resp. at 4. Representation that yields a favorable decision is precisely the type of result plaintiffs seek and that a contingent-fee arrangement makes available to previously unsuccessful plaintiffs. The Court thus finds that the quality of representation was solid.

    B. Undue Delay

Plaintiff's counsel, moreover, was not responsible for delaying the case. See Lasley v. Comm'r of Social Security, 771 F.3d 308, 310 (6th Cir. 2014) (holding contingent-fee arrangement unreasonable where attorney delayed filing § 406(b) motion). Attorneys should not delay proceedings so that benefits accrue over an extended period of time. Gisbrecht, 535 U.S. at 808. Counsel here did not delay in filing § 406(b) motion. He first filed the motion on June 30, 2016, see ECF No. 20, just two months after receiving the Notice of Award, and then refiled on September 2, 2016, to comply with the Local Rules. See Mot. at 1; Minute Order of July 1, 2016. Although there was some delay to allow for a proper filing, the benefits did not accrue as a result because they were calculated only through May 2016. See Mot. at 2. Therefore, the Court finds no evidence of undue delay.

    C. Risk of Loss

The Court next considers the amount of risk faced by Plaintiff's counsel. Buljina, 828 F. Supp. 2d at 113-14. If "the risk of loss was so low that the claimant's success was not particular to the attorney's efforts," then the contingent-fee agreement may not be reasonable. Jeter, 622 F.3d at 382 n.13. The "greater the risk that the claimant would not prevail," the more likely a

contingent-fee agreement is reasonable. Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002). Claimants in Plaintiff's position statistically do not have a great chance of success on this type of suit. See Mot. at 6 (citing 2007 GAO Report). Shaderock, moreover, was unsuccessful without counsel: his claim was denied at initial application, reconsideration, before the ALJ, and by the Appeals Council. See Mot. at 1. Counsel provided his services despite these denials and, by using a contingent-fee agreement, he took "upon [himself] the risk that [he] will receive no payment at all" in representing Plaintiff. Hensley v. Eckerhart, 461 U.S. 424, 448 (1983) (Brennan, J., concurring). The Court, consequently, finds that counsel faced a substantial risk of loss.

    D.  Difficulty of Case

A contingent-fee agreement may be reasonable if the case is difficult. See Coppett, 242 F. Supp. 2d at 1384. In Buljina, the court upheld the agreement because the plaintiff had "suffered several legal setbacks in pursuit of his claim" and was only successful after retaining an attorney. See 828 F. Supp. 2d at 114. As just discussed, the same was true here. This factor thus weighs in Counsel's favor.

    E.  Compensation Relative to Time Expended

Counsel may not receive an "unjustified windfall" from a contingent-fee agreement; in other words, the compensation may not dwarf the time spent on the case. Buljina, 828 F. Supp. 2d. at 115; see Gisbrecht, 535 U.S. at 808. A court may review a record of hours spent on the case and the attorney's normal hourly billing fee to see if the request is out of line. Gisbrecht, 535 U.S. at 808; Outlaw v. Chater, 921 F. Supp. 13, 18 (D.D.C. 1996). Counsel spent 35.9 hours on the judicial-review portion of the case and requests $25,009.62, which amounts to $696.65 per hour. See Mot. at 7; Hiller Decl., ¶ 19. Counsel's normal, non-contingent rate is $295 per

hour. See Hiller Decl., ¶ 23. Although the requested rate is 2.36 times counsel's normal hourly rate, this rate is not out of line given the above factors. See Gisbrecht, 535 U.S. at 798-99 (holding attorney-fee decision should not rest on lodestar calculation alone); Jeter, 622 F.3d at 377 (same). Courts, moreover, have approved larger multipliers. See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (finding requested rate 2.5 times normal hourly rate for § 406(b) claim reasonable); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (finding requested rate 5.73 times normal hourly rate for § 406(b) claim reasonable). The hourly rate is reasonable, furthermore, because Counsel has been an attorney for 32 years, worked on Social Security cases since 1988, and handled thousands of Social Security cases at all levels. See Hiller Decl., ¶¶ 3, 4, 7. The Commissioner's position on reasonableness is also highly relevant. See Buljina, 828 F. Supp. 2d. at 114 (considering Commissioner's lack of position in affirming attorney fee); Lasley, 771 F.3d at 310 (considering Commissioner's opposition in reducing attorney fee). The Commissioner here does not take a position as to the Agreement's reasonableness. See Resp. at 5. The Court thus finds that the compensation was commensurate with the time spent on the case.

**IV.	Conclusion**

For the foregoing reasons, the Court finds that Plaintiff is entitled to $25,009.62 in attorney fees. As counsel has already obtained an EAJA award for $3,993.03 and cannot receive an aggregate sum of more than 25% of past-due benefits pursuant to § 406(b), the Court will award him the difference, which equals $21,016.59. A contemporaneous Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 20, 2016